IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BHUPINDER MOR,<br><br>Petitioner,<br><br>vs.<br><br>DAVID EASTERWOOD, Field Office Director, St. Paul ICE; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD BLANCHE, Attorney General, Executive Office for Immigration Review; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement (ICE); and WARDEN/FACILITY ADMINISTRATOR, McCook ICE IGSA,<br><br>Respondents. | **4:26CV3267**<br><br>**ORDER TO SHOW CAUSE** |

On September 2, 2026, through counsel, Petitioner Bhupinder Mor, a citizen and national of India, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Filing 1 at 1; Filing 1 at 12 (¶ 59). The Petition asserts, "Petitioner now faces potentially indefinite detention, and such re-detention [after release on recognizance] violates the [sic] *inter alia*, the Due Process Clause of the Fifth Amendment" and "the Immigration and Nationality Act ('INA')." Filing 1 at 3 (¶ 12). Consequently, he "seeks relief under 28 U.S.C. § 2241 and the Due Process Clause of the United States Constitution and asks for his immediate release from his illegal detention." Filing 1 at 3 (¶ 13).

More specifically, in § VIII of his Petition, Mor asserts six claims for habeas release. In Count I, he asserts a claim of "Due Process Violation in Redetention." Filing 1 at 10 (reduced from all capitals). In Count II, he asserts a claim of "Due Process Violation in Bond Hearing." Filing 1 at 11 (reduced from all capitals). In Count III, he asserts a claim of "Violation of Substantive Due

Process Clause." Filing 1 at 11 (reduced from all capitals). In Count IV, he asserts a claim of "Violation of the Equal Protection Guarantee of the Fifth Amendment." Filing 1 at 11 (reduced from all capitals). In Count V, he asserts a claim of "Violation of the Suspension Clause of the United States Constitution." Filing 1 at 13 (reduced from all capitals). In Count VI, he asserts a claim of "Violation of the *Accardi* Doctrine with Respect to 8 C.F.R. § 287.8(C)(2)(I) and (II)." Filing 1 at 14 (reduced from all capitals).

In his Prayer for Relief, Mor asks that the Court do the following:

> 1. Assume jurisdiction over this matter;
>
> 2. Order that the clerk serve Respondents.
>
> 3. Pursuant to 28 U.S.C. § 2243, issue an order to show cause directing Respondents to file a return within three (3) days, absent good cause for a short extension not exceeding seven days, and set the matter for a prompt hearing;
>
> 4. Order that Petitioner not be moved out of this court's jurisdiction during the pendency of this proceeding.
>
> 5. Issue a writ of habeas corpus requiring that Respondents immediately release Petitioner on his prior release conditions.
>
> 6. Grant any other further relief this Court deems just and proper.

Filing 1 at 15–16 (Prayer for Relief, ¶¶ 1–6).

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). The writ does not extend to a prisoner unless he or she falls into one of the categories listed in § 2241(c), including *inter alia* that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ."

*Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus '*may* be granted.'" *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

It is not clear from Mor's Petition that he is not entitled to any relief at all. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it

appears from the application that the applicant or person detained is not entitled thereto."). That said, the Court declines to "forthwith award the writ" based on no more than Mor's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* The Court will set a time frame for Respondents to "make a return certifying the true cause of the detention." *Id.* The Court finds good cause, based on the circumstances and allegations presented, to allow Mor a very short time for a written reply after Respondents make their Returns but before any hearing. 28 U.S.C. § 2243 (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). The Court will wait until it has reviewed the parties' briefs to decide whether or not to set a date and time for any show-cause hearing. *See Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))).

Accordingly,

IT IS ORDERED that

1. Notwithstanding Petitioner Mor's request that the Court direct the Clerk of Court to serve Respondents, *see* Filing 1 at 16 (Prayer for Relief, ¶ 2), Petitioner Mor shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

2. Respondents shall make a return certifying the true cause of Mor's detention and why his Petition should not be granted not later than three business days after receiving Mor's Petition and this Order to Show Cause;

3. Petitioner Mor shall have three business days after Respondents file their return(s) to file any reply; and

4. Upon the filing of Respondents' return(s) and Mor's reply, the Court will determine whether or not to set a hearing on this matter prior to disposition.

Dated this 8th day of September, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge